```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

**BRIAN E. SHORT**                                           **PLAINTIFF**

v.                         Civil No. 10-3002

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration**                           **DEFENDANT**

### O R D E R

Now on this 2nd day of March, 2011, comes on for consideration the **Magistrate Judge's Report and Recommendation** (Doc. 9). The Court, being well and sufficiently advised, orders as follows:

1. The plaintiff, Brian E. Short, brought this action pursuant to 42 U.S.C. §405(g) seeking judicial review of a decision by the Commission of the Social Security Administration denying his claims for a period of disability and disability insurance benefits under the provisions of Title II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commission's decision. *See* 42 U.S.C. §405(g).

2. Under the Act, a claimant for Social Security disability has the burden of proving his disability by establishing a physical or mental impairment that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *See* Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(D).  A claimant must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

3.   The plaintiff filed his current applications for disability and disability insurance benefits on October 30, 2007, alleging an inability to work since September 1, 2006, due to "depression, back problems, illiterate, and esophagus."  For disability insurance benefits purposes, plaintiff maintained insured status through December 31, 2011.

4.   On July 31, 2009, the ALJ found that during the relevant time period, plaintiff had impairments that were severe -- mood disorder, back disorder, and esophageal stricture.  However, the ALJ determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform medium work except that plaintiff could only perform unskilled work where interpersonal contact was incidental to the work performed -- and, with the help of a vocational expert, the ALJ determined that plaintiff could perform his past relevant work as a fast food cooker.

5.      Plaintiff subsequently requested a review of the decision by the Appeals Council, which was denied. The plaintiff then filed this action.

6.      This matter was referred to United States Magistrate Judge Erin Setser for a report and recommendation. The Magistrate Judge engaged in a thorough review of the medical records in this case and determined that:

*       the ALJ properly exercised his discretion in giving greater weight to the opinions of Dr. Bunting and Dr. Donahue, and that he, therefore, did not err in giving little weight to the opinion of Dr. Smith;

*       the mental health expert evidence was sufficient for the ALJ to make a reasonable decision based upon the evidence of the record and that, accordingly, the ALJ did not fail to develop the record;

*       the ALJ properly evaluated plaintiff's subjective complaints, concluding that plaintiff's subjective complaints were not totally credible; and

*       that substantial evidence exists in the record regarding the ALJ's determination of plaintiff's residual functioning capacity ("RFC").

7.      Based on the above findings, the Magistrate Judge recommended that the Court affirm the ALJ's decision and dismiss plaintiff's case with prejudice.

8.   Plaintiff has objected to the Magistrate Judge's Report and Recommendation on the following grounds:

*   that the ALJ erred in failing to order additional consultative psychological and/or neuropsychological evaluations; and,

*   that the ALJ erred in disregarding Dr. Smith's report.

9.   The "'ALJ must fully and fairly develop the record so that a just determination of disability may be made.'" Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995)(citing McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982)).  The ALJ can accomplish this by recontacting medical sources and by ordering additional consultative examinations, if necessary. However, here, the Court agrees with the Magistrate Judge that the evaluation of Dr. Bunting was sufficient and that the ALJ did not err in this regard.

10.   "The opinion of a treating physician is accorded special deference under the social security regulations." Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010).  "Such an opinion is normally entitled to great weight." Id. (internal quotation marks and citation omitted).

It is well established, however, that "an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record."  Wagner v. Astrue, 499 F.3d 842, (8th Cir. 2007) (*citing* Prosch v. Apfel, 201 F.3d 1010, 1013-14 (8th Cir. 2000)).

Further, an ALJ may credit other medical opinions over that of a treating physician "when other assessments are supported by better or more thorough medical evidence." Id. (*citing* Prosch at 1014).

Here, the Court finds that the ALJ properly granted less weight to Dr. Smith's opinion because it conflicted with other evidence, such as the evaluations and assessments by Dr. Bunting and Dr. Donahue, plaintiff's daily activities, and his failure to seek medical treatment for both his physical and mental impairments.

13. Having concluded that plaintiff's objections to the Magistrate's Report and Recommendation are without merit and should be overruled -- and further concluding that the said Report and Recommendation is sound and should be adopted and ordered implemented -- the Court will order that this matter be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's objections to the **Magistrate Judge's Report and Recommendation** should be, and they hereby are, **overruled**;

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report and Recommendation** should be, and it hereby is, **adopted *in toto*;**

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, the decision of the ALJ is hereby affirmed and the plaintiff's complaint is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

                                          **/s/Jimm Larry Hendren**
                                          **HON. JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**